## THE CITY OF MENASHA and another vs. THE MILWAUKEE & NORTHERN RAILROAD COMPANY, imp.

*March 30 — June 4, 1881.*

RAILROADS: CORPORATIONS. *(1–3) How far contracts of railroad company binding on another company which has purchased its franchises, etc.*
INJUNCTION. *(4) When to be denied on the pleadings.*

1. A railroad company, organized under the provisions of section 1820, R. S., with power to purchase the franchises and property of an older company, previously sold under a mortgage, as well as to construct and operate other lines of road, is not, by virtue of such purchase, an assignee of the older company, so as to be bound by any of its contracts, except such as are a lien upon or otherwise bind the property and franchises thus purchased.

2. A railroad company, having power to extend its track from its depot in the plaintiff city through the city of Neenah, so as to connect with the Wisconsin Central Railroad, entered into an agreement with the city, for a valuable consideration, not to make such connection. *Held,* that this (if valid) was a mere personal contract, binding only said company and such persons as may be, in a strict sense, its successors or assignees.

3. The Milwaukee & Northern *Railroad* Company, being authorized by legislative act to build a railroad from the city of Neenah, across Doty's island, to the line of the Milwaukee & Northern *Railway* Company, in

the plaintiff city, it takes authority by subdivision 6, sec. 1828, R. S., to operate such road in connection with the last-named company's road, notwithstanding any covenant of such last-named company with the plaintiff prohibiting such connection.

4. No legal obligation of the Milwaukee & Northern *Railroad* Company to refrain from building and operating said road being shown, the complaint alleges that the organization of said company was fraudulently and collusively made for the purpose of enabling its co-defendant, the Milwaukee & Northern *Railway* Company, to avoid its covenant, etc., and asks for an injunction against both roads. The answer fully meets and denies all the averments of fraud and collusion. *Held*, that on the complaint and answer the injunction should have been refused, and plaintiffs left to their legal remedy.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an injunctional order restraining the appellant, ' *The Milwaukee & Northern Railroad Company*,' from constructing a railroad from the city of Menasha, through the city of Neenah, so as to connect the appellant's railroad terminating in Menasha with the Wisconsin Central Railroad. The grounds alleged for restraining the appellant are, that the Milwaukee & Northern Railway Company entered into an agreement with the village, now city, of Menasha that, in consideration of the said village issuing and delivering to said railway company $60,000 of its corporate bonds in exchange for the same amount of the capital stock of said company, said company, amongst other things, agreed upon its part that it would not extend its track and connect the same within three miles of its depot in the village of Menasha with any other railway, so as to permit the passage of cars from one road to the other, otherwise than north of the north branch of the Fox river, or west of Lake Butte des Morts, without the consent of said village of Menasha. It is alleged that such agreement on the part of said company was and is a great advantage to said city of Menasha, and was so considered by the company and said city at the time the same

was made; that it constituted one of the principal inducements to vote the said aid of $60,000 to said railway company, and that, without such agreement on the part of the company, the people of said village would not have voted said aid.

"The complaint further charges that the *Milwaukee & Northern Railroad Company* is, in fact, the mere successor of the Milwaukee & Northern Railway Company; that it is bound by the agreements of said last-named company; that the organization of the appellant company is collusive, and only made for the fraudulent purpose of avoiding the contract made with the city of Menasha and for the purpose of building said railroad in violation of such contract.

" The answer of the appellant company, in substance, alleges that it was duly incorporated under the general laws of this state, 'with the powers, among other things, of purchasing the railway property and franchises of the first division of the Milwaukee & Northern Railway, and the Menasha & Appleton Railway, and to operate the same, and to construct and maintain a railroad with one or more tracks from a convenient point in the city of Neenah to the city of Menasha, to connect with the Menasha & Appleton Railway, and to construct, operate and maintain a railway with one or more tracks, connecting with the Milwaukee & Northern Railway, to a convenient point on the Menomonee river, and there to connect with a railroad to be built across the state of Michigan to Lake Superior, with such branches as shall be convenient to obtain business for said railroad, by charter of the state of Wisconsin, bearing date June 5, 1880.'

" The answer then alleges the insolvency of the Milwaukee & Northern Railway Company, the foreclosure of a mortgage given upon its railway, rolling stock, road-bed and franchises, and a sale under such mortgage of the first division of said railway, including the Menasha & Appleton Railway Company's road; that at such sale Guido Pfister and Ephraim Mariner, a committee of the bondholders, bid off the same for

JANUARY TERM, 1881.        417

The City of Menasha et al. vs. The Milwaukee & Northern R. R. Co., imp.

the sum of $1,500,000; that the sale was duly confirmed, and that the appellant company purchased from said Pfister and Mariner the property and franchises so purchased by them at said mortgage sale; and that afterwards said appellant resolved to construct a line of railroad from a point in the city of Neenah across Doty's island, to connect with the .Menasha & Appleton Railway and the first division of the Milwaukee & Northern Railway, so purchased by the appellant, in the city of Menasha. The construction of this line of road is the one sought to be enjoined by the respondents in this action. The answer then denies all collusion with the said Milwaukee & Northern Railway Company, and all knowledge on the part of the appellant's incorporators of the existence of the contract set out in the complaint, with the Milwaukee & Northern Railway Company, at the time of the organization of the appellant company; alleges that the stockholders of the Milwaukee & Northern Railway Company have long since abandoned their investment in that company, and have ceased to elect officers thereof; denies that the appellant company was organized to be the successor of the Milwaukee & Northern Railway Company; denies that it was organized and created for the sole purpose of violating the covenant of the Milwaukee & Northern Railway Company, set forth in the complaint; and denies that said covenant made by the latter company with said village of Menasha is of any benefit whatever to said city of Menasha.

"The answer also shows that ever since 1873 the Milwaukee & Northern Railway has been operated in connection with the Wisconsin Central Railroad, the two roads connecting in the city of Menasha but not running through the city of Neenah, and that the new line of road is intended to connect the same roads by running through the city of Neenah, and thereby enable the two roads to do business in the city of Neenah as well as in the city of Menasha, and that the new line will not in any way hinder the people of Menasha from doing busi-·

ness over both of said railroads with the same facilities and convenience now enjoyed by them.

"Upon the complaint and answer the circuit court made an order restraining the appellant from constructing a road from Neenah to the depot of the Milwaukee & Northern Railway Company in the city of Menasha; and from such order this appeal was taken."

*E. Mariner*, for the appellant:

1. The contract between the town and the railway company, set out and attempted to be enforced, is void, as against public policy. *Williamson v. Railway Co.*, 53 Iowa, 126; *St. L., J. & C. R. R. Co. v. Mathers*, 71 Ill., 592; *St. J. & D. C. R. R. Co. v. Ryan*, 11 Kans., 602; *P. R. R. Co. v. Seely*, 45 Mo., 212; *Marsh v. Railway Co.*, 64 Ill., 414; *State v. Railroad Co.*, 29 Conn., 538; *Bestor v. Wathen*, 60 Ill., 138; *Fuller v. Dame*, 18 Pick., 472; *Ft. E. & Ft. M. Plank Road Co. v. Payne*, 15 N. Y., 583; *Butterworth, etc., Turnpike Co. v. North*, 1 Hill, 518; *Holladay v. Patterson*, 5 Oreg., 177. Equity, therefore, will not interfere to enforce it. Fry on Spec. Perf., § 307; Story's Eq. Jur., § 736; *Swartzer v. Gillett*, 2 Pin., 238; *Miller v. Larson*, 19 Wis., 463. 2. Conceding the contract to be valid, its object being to prevent the railway company from carrying out the full authority granted to it by its charter, and in limitation of the rights of the public, the town will not be aided in equity, but will be left to its remedy at law. Broom's Leg. Max., 466 (620); *Williamson v. Railway Co.*, *supra*. There is nothing to show that the legal remedy is not adequate. *Prescott v. Everts*, 4 Wis., 314; *Shephard v. Genung*, 5 id., 397; *McIndoe v. Hazelton*, 19 id., 567; *Batchelder v. Batchelder*, 20 id., 452. 3. This is not the contract of the *Milwaukee & Northern Railroad Company*. Contracts of a company whose property and franchises have been sold upon foreclosure to a company which has been reörganized under the statute, are not obligatory on the new organization: *Gilman v. R. R. Co.*, 37 Wis., 319; *Vilas v.*

*Railway Co.*, 17 id., 497; *Wright v. Railway Co.*, 25 id., 46; *Smith v. Railway Co.*, 18 id., 17. Especially they are not obligatory upon a corporation which is not a reörganization of the old company, but a new company organized for the purpose of purchasing and acquiring the franchises and property of the old.

*Chas. W. Felker*, for the respondent: ·

The contract is valid. It was so held in an action to restrain the issue of bonds under it. *Lawson v. M. & N. R'y Co.*, 30 Wis., 597. And what was held to be good law when the railway wanted the bonds, ought to be good law when the company is asked to keep faith with the town that issued the bonds. 43 Wis., 493. There can be no right to violate the contract on the ground of public policy. *Non constat* that, if this corporation does not build a road to Neenah, no other railway company ever will. The argument of public policy only applies to lines of road already existing, and not to lines in contemplation. There is nothing in law or reason to prevent a railway company from agreeing for value to run a line of road in a certain direction, or to stop at a certain point. When the company has built its road, has used the power of eminent domain, has become a carrier of freight and passengers, then the public, by reason of the public or *quasi* public use, acquire certain rights, but not before. And the same rule applies to warehouses for the same reason. *Munn v. Illinois*, 94 U. S., 113; *Whiting v. S. & F. du L. Railroad Co.*, 25 Wis., 167. A railroad company, having received from a municipal corporation a valuable consideration for locating its road at a particular place, cannot make a change without paying back the consideration, although such change is made in the name of a new corporation. *Chapman v. Railway Co.*, 6 Ohio St., 119. The new corporation, in this case, claims all the franchises of the old, by purchase under the mortgage. It ought, as to the exercise of such franchises, to be held to the disabilities and limitations of the mortgagor. Courts of equity will restrain

corporations from abusing powers given for public purposes, or when they are acting adversely to public policy. *Att'y General v. Railway Cos.*, 35 Wis., 425, 526–7. It is not only against conscience, but contrary to public policy, to permit railway corporations to evade contracts entered into with the public, upon the faith of which material aid was furnished, which aid in fact was wholly used in the construction of the road which the bondholders now own.

. TAYLOR, J. . We think the injunction was improvidently issued, and should be dissolved. All collusion and fraud charged in the complaint being denied by the answer of the appellant, the plaintiffs' right is uncertain and doubtful; and in such case a court of equity ought not to interfere, but leave the party to his legal remedies. We think it is well settled by the decisions of this court, that if the appellant company was in good faith organized for the purposes set out in its answer, the fact that it purchased at foreclosure sale the property and franchises of the Milwaukee & Northern Railway Company for the purpose of thereafter operating the same, would not bind such new company to abide by or perform the contracts of the Milwaukee & Northern Railway Company. See *Wright v. M. & St. P. Railway Co.*, 25 Wis., 46–53.

The covenant between Menasha and the old company was a personal contract, and binds only that company and its successors and assignees, within the restricted meaning of such words; and a purchaser of the property and franchises is neither a successor nor assignee, and is in no way bound by the contracts of the old company, except when such contracts are a lien upon its property or in some other way bind the property or franchise. The old company, under its charter, had the undoubted right to extend its road through the city of Neenah and connect with the Wisconsin Central Railroad in that city; but, by its contract with the city of Menasha, it bound itself not to exercise that right. Admitting that this

contract is valid, and that a court of equity would interfere as between the parties to prevent a violation of the same (which is, perhaps, a question of grave doubt), it is very clear that such contract cannot bind another corporation purchasing the property and franchises of said company, when the charter of such purchaser authorizes it to build the connecting road.

If the appellant corporation were a corporation organized under the provisions of section 1788, R. S. 1878, as the mere assignee or owner of the powers, privileges and franchises of the old company, it may be as such organization it would have no power to exercise any right or franchise which the old corporation would not have had the right to exercise. But the appellant corporation was not organized under that section. According to the allegations of the answer, it was organized under the provisions of section 1820, R. S. 1878, with power to purchase the property, rights and franchises of the old company, sold under the mortgage, and also with power to construct the line of railroad in question, as well as another railroad from the end of the Milwaukee & Northern Railway at Green Bay to the Menomonee river, there to connect with other roads to be built in the state of Michigan.

We do not think that the mere fact that the appellant company was authorized to purchase the property and franchises of the Northern Railway Company, and to operate the road constructed by such company, could prevent such company from constructing and operating the other roads authorized to be constructed and operated by it, although such construction and operation would indirectly avoid the covenant made by the Northern Railway Company with the respondents. Subd. 6, sec. 1828, R. S., authorizes every railroad to connect with every other railroad which it intersects, and provides for compelling such connections when refused. It is clear, therefore, that a corporation authorized to build a railroad from the city of Neenah across Doty's island to the line of the Milwaukee & Northern Railway, in the city of Menasha, would be author-

ized to build and operate the same in connection with said Milwaukee & Northern Railway Company's road under said section, notwithstanding any agreement or covenant made by said last-named company prohibiting such connection.    In this matter the company cannot bind the state and those acting under its authority, although it may possibly bind itself.

We think the learned counsel for the respondents clearly recognize this power on the part of the state, and have, therefore, as the ground for their relief, alleged in various ways that the acts of the appellant were fraudulent and collusive, and that the only object of obtaining its charter was to avoid the covenant of the Milwaukee & Northern Railway Company in regard to the matter in controversy, and that there was no real intent to build and operate the other roads mentioned in its charter.    These charges of fraud and collusion being positively denied by the appellant, there is no sufficient ground, as the case stands upon the pleadings, for granting the injunction.

In the view we have taken of the case, it is unnecessary to discuss the question whether a court of equity would lend its aid in enforcing a contract made by a railroad company, which prohibits it from exercising the franchise of constructing and operating all the lines of road authorized by its charter; or the other question, whether it will lend its aid to enforce a contract which is in any sense against public policy, and especially in a case where the violation of the contract is a public benefit.

If, in this case, the appellant company is, in fact, the mere successor of the Milwaukee & Northern Railway Company, and its organization is, in fact, a fraud, and made for the sole purpose of building the line of railroad in controversy, in violation of the contract made by such corporation, the right of the respondents can be vindicated in an action at law, and the public interests which are to be promoted by the building of the line of road contemplated, will not be prejudiced. The rights of respondents are not so certain, nor are they so clearly

founded on equitable principles, as to justify the court in enjoining the appellants in the construction of a work which seems to be for the public interest.

*By the Court.*— The order of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to law.