The Town of Menasha and another vs. The Wisconsin Central R. Co.

We do not think we would be justified in limiting the costs in this court merely because the findings are unusually long, to save the trouble of making a bill of exceptions; especially as it does not appear to us that the defendants are thereby substantially prejudiced.

*By the Court.*— That portion of the judgment appealed from is reversed, and the cause is remanded with directions to perfect the judgment in favor of the plaintiffs in accordance with this opinion, and for further proceedings according to law.

THE TOWN OF MENASHA and another, Respondents, vs. THE WISCONSIN CENTRAL RAILROAD COMPANY, Appellant.

*February 27 — March 16, 1886.*

*Equity: Specific performance: Discretion.*

Specific performance is not a mattter of absolute right, but rests in the sound discretion of the court, in view of all the circumstances.

APPEAL from the Circuit Court for *Fond du Lac* County. The action is brought by the town of *Menasha* and the city of *Menasha* (which, after the issuance of the bonds of the town to the defendant, was incorporated out of a part of the territory of the town) to compel the defendant company to perform on its part the contract under which the town had issued $50,000 of its bonds to aid in the construction of the railroad of said company. The facts stated in the complaint will sufficiently appear from the opinion. The defendant demurred to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action, and appealed from an order overruling the demurrer.

For the appellant there was a brief by *Finches, Lynde &*

*Miller*, of counsel, and oral argument by *D. S. Wegg* and *Geo. P. Miller*.

*Moses Hooper*, for the respondents.

COLE, C. J.   We understood counsel for the plaintiffs to abandon, on the argument, all claim to any relief founded upon the agreement between the town of *Menasha* and the Milwaukee & Northern Railway Company.   That agreement is made quite a prominent feature in the complaint, but, probably in view of the decision in *Menasha v. M. & N. R. Co.* 52 Wis. 414, holding the covenants in that agreement personal ones on the part of the old company, and not binding on the purchaser of the road and franchises at foreclosure sale, no relief by injunction is now sought on that branch of the case.

But the learned counsel does insist that upon the facts stated the plaintiffs are entitled to a specific performance of the contract or proposition upon which aid was voted. One answer made to this contention is that the defendant has fully kept and performed this contract or proposition on its part.   The proposition of the railroad company was, so far as it concerns this case, to build a single-track railroad from block 3, on Doty's island, to the Wolf river, providing the proposition submitted by the company to the town of Neenah should be accepted by that town, and its conditions fulfilled.   According to the fifth clause of the proposition, in the event the town of Neenah failed to accept and fulfil the proposition submitted to it, the company proposed to the town of *Menasha*, if an additional sum of $50,000 to its capital stock should be furnished by individual subscriptions, then its depot should be located, and its road constructed therefrom, at such place in *Menasha*, and on such route, as might be agreed upon between the company and the authorities of the town.   It is alleged that the town of *Menasha* voted to issue $50,000 of its bonds in compli-

ance with the proposition, and that these bonds have been received by the defendant and sold to *bona fide* purchasers. It is also alleged that the defendant has never constructed a railroad from block 3, on Doty's island, in the town of Neenah to the Wolf river. The relief asked is that the court, by its judgment, decree the specific execution of this contract, and adjudge that the company build, within a reasonable time, a single-track railroad from block 3, on Doty's island, running thence northwesterly to the Wolf river.

DIXON, C. J., in commenting on this proposition in *Lawson v. Schnellen*, 33 Wis. 288, 296, says the intention of the company is not in all respects very fully and clearly expressed in it, and this remark is certainly well founded. But it is fairly implied in the proposition that if each of the towns of Neenah and *Menasha* should subscribe $50,000 to the stock of the company, then the initial point of the road should be on block 3, on Doty's island, and that the depot should be located at that place. It is very clearly expressed in the proposition that if Neenah should fail to make its subscription, and an additional $50,000 should be subscribed by individuals, then the depot should be located and the road constructed therefrom at such place in the town of *Menasha*, and on such route, as the company and the authorities of the town might agree upon. It does not appear that Neenah voted aid or that the individual subscription of $50,000 was made. But still it is alleged that the defendant, by condemnation proceedings, is about to acquire the right of way, and to build its road, from a point in the city of *Menasha* about one and a half miles north or northeasterly from block 3, making the first-named place the starting point instead of beginning to build from block 3. The complaint then describes the direction of the proposed route. Neither the officers of the town or city of *Menasha* have consented to the present initial point of the

railroad, or to the route on which the defendant is proceeding to build its road, though it is not stated that both these do not meet the public wants and convenience.

But it is sought to compel the defendant to locate its depot on block 3, and to make that the initial point of its road. The company resists this claim, insisting that it has the right to select its own site for a depot in *Menasha*, as both contingencies provided for in the proposition have failed. There is much force in that view of the matter, but whether it is sound or not we shall not decide. It is suggested that the decision in *Lawson v. Schnellen* is adverse to such construction of the contract; but in that case a different question was presented, namely, whether the subscription of *Menasha* should take effect and its bonds be delivered before the company had constructed a railroad, and put the same in operation, either from such place in the town of *Menasha* as should be agreed upon, or from block 3, on Doty's island. The court held that the defendant was plainly required to construct an independent line of road, of which it should be the owner, from one or the other of the points named in the proposition, to the Wolf river. Here the defendant is proceeding to construct its road from a point selected by it in *Menasha;* thence by a designated route to Wolf river. *Menasha* is to have the advantage of a road starting in the city limits, and of a depot located there, but not perhaps at the place the authorities of the town would choose. Without deciding whether or not this does not show a substantial compliance with the contract on the part of the company, we are clear no case is made for the interference of a court of equity to compel the defendant to make block 3, on Doty's island, the initial point of its road, and to locate its depot there. It is an irresistible inference that the parties supposed when the proposition was submitted that it would be for the interest and advantage of the citizens of *Menasha* to have the depot located, and the starting point

of the road, within the limits of that town, hence the inducement, Neenah failing to accept the proposition, that the road should be constructed and the depot located in *Menasha*, providing an additional $50,000 subscription should be made by its citizens. Now, without this additional subscription, the city of *Menasha* secures the road and depot, though, as we have said, perhaps not at the point its authorities would have selected; and this is really the only ground of complaint which the plaintiffs have,— that its authorities have not assented to or agreed upon the place where the depot should be located, and upon the route of the road. Under the circumstances we do not think a court of equity should interfere to compel the defendant to make block 3, on Doty's island, the initial point of its road, and locate its depot there. There does not seem to be any strong equity in such a claim. If the plaintiffs have sustained damages by reason of the failure of the defendant to perform its contract to the very letter, they have a remedy at law to recover them. Specific performance is not a matter of absolute right, but rests in the sound discretion of the court, in view of all the circumstances. *Williams v. Williams*, 50 Wis. 311, and cases cited in opinion; Pomeroy on Spec. Perf. secs. 35, 175; Pomeroy's Eq. Jur. sec. 1405. It might be harsh and oppressive to require the defendant to construct a road from block 3, and build a depot there within a mile and a half of one already located, and it does not appear that any public interest would be promoted thereby.

The demurrer should have been sustained on the- ground that the complaint fails to state a cause of action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.