### EDDY AND CROSS, RECEIVERS, v. A. M. HINNANT.

#### No. 3183.

1. **Vendee of Railway not Liable for Vendor's Obligations.**—In consideration of lands conveyed to the East Line & Red River Railway Company it covenanted that the vendors and the plaintiff should have free passage upon the railway, the title to the land to become void on the "refusal of the company, its successors or assigns, to comply with all the obligations or considerations of the conveyance." The railway company sold to the Missouri, Kansas & Texas Railway Company, which was in the hands of Eddy and Cross, receivers. Plaintiff was refused free passage, and was put off a train. In action for damages against the receivers, *held*, that in order to recover it devolved upon the plaintiff to prove that the Missouri, Kansas & Texas Company had bought the East Line Railway, and also that it assumed its obligations, or at least promised to perform the particular contract upon which the action is based. Failing to prove such undertaking by the Missouri, Kansas & Texas Railway Company, the plaintiff was not entitled to recover.

2. **Same.**—The remedy in absence of undertaking by the vendee company would be a suit to avoid the conveyance of the land, or for damages against the East Line Company.

APPEAL from Hopkins.   Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*Todd & Hudgins,* for appellants.—The contract between B. C. Hinnant and the East Line & Red River Railway Company was not binding upon appellants as receivers of the Missouri, Kansas & Texas Railway Company.   Express Co. v. Railway, 99 U. S., 191.

*B. W. Foster,* for appellee.—1. All purchasers and lessees (corporations or persons) are bound equally by such notices as the law imposes. Receivers are subject to the same rule, and are not above but under the law, regardless of the source of their authority, whether from State or Federal authority.

2.   The law charges and makes the same conclusions and the same notices upon individuals and persons who have eyes to see and ears to hear as it does upon corporations, which have neither.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellants damages for an alleged unlawful ejection from a train operated by them as receivers of the Missouri, Kansas & Texas Railway Company, upon the track of the East Line & Red River Railway Company.   The case was tried by the court without a jury, and the judge gave judgment for the appellee and filed his conclusions of law and fact.   There being no statement of facts, the assignments of error are upon the conclusions of law as found by the court.

The facts as found by the court are, that in consideration of a free passage for themselves and also for appellee and G. A. Hinnant, over the road operated and to be constructed by the East Line & Red River Railway Company, B. C. Hinnant and Ada Hinnant, his wife, conveyed to that company a right of way over a certain tract of land described in the conveyance, and also a certain interest in certain blocks and lots in the town of Daingerfield.   The conveyance contained the stipulation that it was "to become void upon the failure or refusal of the company or their successors and assigns to comply with all the conditions and obligations or considerations of the conveyance as above set forth."

The trial judge found as a fact, or assumed to know judicially, that the East Line & Red River Railway was bought by the Missouri, Kansas & Texas Railway Company, and that it was subsequently operated by the Missouri Pacific Railway Company, and was in the month of October, 1888, placed in the hands of the appellants as receivers of the Missouri, Kansas & Texas Company.   It also appears, that up to January 1, 1889, an annual pass had been issued to the appellee, upon which he had been transported over the line of railway.   In the early part of that month he had applied for a pass, but it had not been issued.

There was, however, no refusal to issue it. The pass of 1888 had, however, been extended to the 15th of January, 1889. After that time he boarded the train for the purpose of making a trip to his home, a distance of twenty-two miles, and having no pass and no money with which to pay his fare, he was put off the train by the conductor. For the damages resulting from his being deprived of free passage, on the train, he recovered the judgment, from which this appeal is taken.

While the court found as a fact that the property of the East Line Company had been transferred to the Missouri, Kansas & Texas Company, and that the road was then operated by the Missouri Pacific Company, it would seem from the context that these findings were not based upon evidence, but were assumed to be matters of which the court had judicial knowledge. This is complained of as error. But while we are not prepared to assent to the correctness of the court's conclusion, that it was competent for the court to take judicial notice of these facts, if they be facts, in the view we take of the case we deem it unnecessary to pass upon the question. If it be admitted that the East Line Company sold and conveyed its railway and other property to the Missouri, Kansas & Texas Company, as far as it was in the power of the one to buy and of the other to sell, yet in our opinion it does not follow that the plaintiff could recover in this case. The contract made by his brother with the East Line Company, in so far as it stipulated for a free passage for him, inured to his benefit, and under the rule of decision in this State he had a right of action for its breach against the company with whom it was made. But in order to show a right of action in the present case, it was necessary for the plaintiff to prove not only that the Missouri, Kansas & Texas Company bought the East Line Railway, but also that it assumed the obligations of the East Line Company, or at least promised to perform the particular contract upon which the action in this case is based. If A sell B a tract of land upon which a vendor's lien exists in favor of C, the land may be subjected to the payment of the debt; but B is not liable upon the contract for the purchase money, unless in his contract with A he has assumed to pay it; nor would any recognition of the promise of A to pay C the purchase money or any part payment upon it make him liable personally upon it. And so with the Missouri, Kansas & Texas Railway Company and its receivers in this case. They could respect the contract of the East Line & Red River Railway Company as long as they desired, but they were not bound to perform it. It is true that by the failure to perform they may have forfeited the title to the right of way and to the other property conveyed by B. C. Hinnant and his wife to the East Line Company; still, they were not responsible in damages for the failure to carry it out. On the other hand, the East Line Company, even if it had the power to sell its road, could not by a sale divest itself of its obligations upon the contract made with B. C. Hinnant and wife for the right of

way through his premises.    For a breach of the contract B. C. Hinnant would have a right either to insist upon the forfeiture or to sue the East Line Company for damages; and for a breach of the contract as to him, the plaintiff is entitled to his action against the latter company, but not against the receivers of the Missouri, Kansas & Texas Company.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 27, 1891.