R. J. HUKLE V. THE ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY.

No. 14,078.     (80 Pac. 603.)

SYLLABUS BY THE COURT.

RAILROADS—*Judicial Sale—Liability of Purchasing Company.*
The purchaser of a railroad, its franchises, and property, at
a judicial sale, is not liable for damages resulting from vio-
lations of the personal contracts of the judgment defendant,
which was the preceding company, unless such liability has
been assumed by the vendee, or provided in the decree, or
created by statute.

Error from Sedgwick district court; THOMAS C.
WILSON, judge. Opinion filed April 8, 1905. Affirmed.

*I. P. Campbell & Son,* for plaintiff in error.

*A. A. Hurd, O. J. Wood,* and *J. D. Houston,* for de-
fendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff prosecutes error to re-
verse an order of the district court of Sedgwick
county sustaining a demurrer to his petition. It ap-
pears that the defendant is the owner and operator
of a line of railroad from Wichita west through Sedg-
wick, Sumner, Kingman and Pratt counties; that
there was on this line a station called Hukle; that
some time prior to the bringing of this action the de-
fendant tore down the station-house, office, and cattle-
pens, removed them from this place, and discontinued
the station. As a basis for reaching the question in
this case, we shall assume that the petition alleged
that the Atchison, Topeka & Santa Fe *Railroad*
Company, the judgment debtor, which was the pre-
ceding company, was the owner of the projected road
when the contract pleaded by plaintiff was made, and
that such company built, owned and operated the
road, and maintained the depot in question, until

1896. The petition further alleged that one Benedict was the agent of the Atchison, Topeka & Santa Fe *Railroad* Company in securing its right of way; that, as such agent, he made a contract with plaintiff by which it was agreed that if he would assist Benedict in securing this right of way the company would build a station-house, telegraph and ticket office, cattle-pens, and side-tracks, and maintain a station permanently, at Hukle; that pursuant thereto the plaintiff expended money, time and labor securing the right of way, all of the value of $1200; that the road was constructed, and a station-house built and maintained so long as that company owned and operated it; that in 1896 it was sold at a judicial sale to the defendant, the Atchison, Topeka & Santa Fe *Railway* Company, which continued to maintain such station until a short time prior to the beginning of this action, when it removed the buildings and improvements and abandoned the station. Plaintiff seeks to recover from the defendant company damages for such alleged acts, as a violation of his contract.

This is not a new question. Many instances may be found where attempts have been made to hold the purchaser at a judicial sale of railroad franchises and property liable for the personal contracts or obligations of the preceding company. We have been unable to find an instance where such purchaser has been so held, except where it assumed the obligation, or where it was specifically prescribed in the decree or imposed by statute.

Speaking of the liability of a purchaser of a railroad for the debts and contracts of the old company, in section 526 of volume 2 of Elliott on Railroads it is said:

"The purchaser generally takes the property freed from the debts and contracts of the vendor, except so far as his title is made subject thereto by statute or by the terms of the order of sale."

In Clark and Marshall's Private Corporations, volume 2, section 342, the rule is stated as follows:

"As a general rule, a separate and distinct corporation, which has succeeded, by a valid purchase and transfer, to the property and franchises of another corporation, is not liable, merely by reason of its succession, for the general debts or on the general contracts of the other corporation. It is not liable at all for such debts or on such contracts, in the absence of a special agreement to pay or assume the same, nor is the property in its hands liable to be subjected to the same, in the absence of a valid lien thereon, unless it affirmatively appears that the transfer of the property and franchises of the other corporation constitutes, in fact or in law, a fraud upon its creditors.

. . .

"This principle clearly applies when a corporation purchases the property and franchises of another corporation at a sheriff's or marshal's sale on an execution against the latter, and receives a conveyance in pursuance thereof. If the sale is authorized by law, the corporation takes the property free from any liability for existing debts of the other corporation, not secured by prior liens, and from all obligations of the other corporation of a strictly personal character."

The case of *G. C. & S. F. Ry. Co. v. Newell*, 73 Tex. 334, 339, 15 Am. St. Rep. 788, 11 S. W. 342, was an action brought by Newell to recover damages for the breach of a contract which the Central & Montgomery Railway Company made with him and other residents of the town of Montgomery in the year 1879. The contract provided that, in consideration of the payment of certain sums subscribed, the Central & Montgomery Railway Company would establish, build and maintain permanently its depot at some point within 1000 yards of the court-house in Montgomery. Newell alleges that he subscribed and paid the company $1000; that the company constructed and maintained its depot within the agreed distance from the court-house, where it remained until 1885; that in 1882 the Central & Montgomery Railway Company, its rights

and franchises, passed into the possession and control of the Gulf, Colorado & Santa Fe Railway Company under some contract, or pretended purchase, or by usurpation; that in 1885 this railway company violated this contract by establishing a depot more than 1000 yards from the court-house, and abandoned the old one. To this petition the company demurred on the ground of a defect of parties defendant, its predecessor not being joined, and on the ground that no facts were stated showing any liability of defendant for a breach of the contract with the other company. The demurrer was overruled, and thereupon the railway company answered that it had purchased the railroad, its rights and franchises, of the Central & Montgomery Railway Company and owned them free from all debts; that it had no notice of plaintiff's contract and never in any manner assumed the indebtedness alleged in plaintiff's petition; that it purchased at sheriff's sale under a valid judgment and execution. A demurrer to the answer was sustained. The rulings upon these demurrers were the questions presented to the supreme court, and in the opinion it was said:

"A person or corporation, however, who acquires the property and franchises of a railway corporation through sale under execution, takes it freed from all liability for its former indebtedness not secured by prior lien, and from all mere personal obligations assumed by the former owner.

"That appellant is not liable on the contract made the basis of this action under the averments of the pleadings seems to us clear. The contract was one personal in its character, which could not fix any obligation whatever on appellant."

This principle was followed in *Eddy and Cross, Receivers, v. Hinnant,* 82 Tex. 354, 18 S. W. 562; *Texas Cent. Ry. Co. et al. v. Lyons,* 34 S. W. (Tex.) 362; *Dallas Consol. Traction Ry. Co. v. Maddox,* 31 S. W. (Tex.) 702.

In the case of *The City of Menasha et al. v. The*

*Milwaukee & Northern R. R. Co., Imp.,* 52 Wis. 414, 9 N. W. 396, the court said:

"A railroad company, organized under the provisions of section 1820, R. S., with power to purchase the franchises and property of an older company, previously sold under a mortgage, as well as to construct and operate other lines of road, is not, by virtue of such purchase, an assignee of the older company, so as to be bound by any of its contracts, except such as are a lien upon or otherwise bind the property and franchises thus purchased."

In the case of *People, ex rel., v. L. & N. R. R. Co.* 120 Ill. 48, 10 N. E. 657, it was said:

"A contract of a railway company to perform certain conditions with the county making a subscription or donation in its aid in consideration thereof, is, however, merely a personal undertaking, and is not in the nature of a covenant running with land, and a purchaser of such company's road and property is under no personal obligation to perform such contract."

In the case of *Hoard v. Chesapeake and Ohio Railway,* 123 U. S. 222, 8 Sup. Ct. 74, 31 L. Ed. 130, it was held:

"A railway company organized to receive, hold and operate a railroad sold under foreclosure of a mortgage, in the absence of a statute or contract, is not obliged to pay the debts and perform the obligations of the corporation whose property the purchasers buy."

The principle announced in these cases appears to be absolutely applicable to the facts stated in the present petition.

We have examined the cases of *Railway Co. v. Davenport,* 65 Kan. 206, 69 Pac. 195; *Railroad Co. v. Yount,* 67 id. 396, 73 Pac. 63, and the other Kansas cases cited, but we did not find any principle stated in those cases which is applicable to this, and the same may be said of the other authorities cited.

The judgment is affirmed.

All the Justices concurring.