ABILENE COTTON OIL COMPANY ET AL. V. C. ANDERSON.

Decided January 13, 1906.

**1.—Corporation—Vice-Principal—Fellow Servant.**

The general manager of a corporation to whom is entrusted the complete control of a business is the representative of the master, and is not a fellow servant with the employes engaged in the actual operation of its business, and this is the case whether such manager has the power to employ and discharge said employes or not.

**2.—Purchase of One Corporation by Another—Liability for Debts.**

The fact that one corporation purchases the plant and assets of another does not necessarily and of itself make the purchasing corporation liable for the debts of the sold-out corporation.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*Legett & Kirby,* for Abilene Cotton Oil Co.—The fact that one servant is superior in grade to another does not render the common master responsible for the negligence of the superior servant unless the latter has been intrusted with the power to employ and discharge. Young v. Hahn, 96 Texas, 99; Campbell, Receiver, v. Cook, 86 Texas, 630; Dallas v. Gulf, C. & S. F. Railroad, 61 Texas, 196.

"Where there is no reason to expect it, and no knowledge in the person doing the wrongful act, that such a state of things exists as to render the damage probable, if injury does result to a third person, it is generally considered that the wrongful act is not the proximate cause of the injury." Texas & Pac. Ry. v. Reed, 88 Texas, 448.

*Hardwicke & Hardwicke,* for Continental Oil & Cotton Co.—Even if it be the law that, by consolidation or amalgamation of corporations, each becomes responsible for the debts of the other, yet in a case where one corporation purchases part of the assets of another corporation, and there is no contract to pay the debts of the selling corporation, the purchasing corporation is not liable for the debts of the selling corporation. Island City Savings Bank v. Sachtleben, 67 Texas, 424; Eddy v. Hinnant, 82 Texas, 354; Dallas Co. v. Maddox, 31 S. W. Rep., 702; Williams v. Texas Mid. Ry. Co., 55 S. W. Rep., 130; Texas Cen. Ry. Co. v. Lyons, 34 S. W. Rep., 362; Texas State Fair Assn. v. Caruthers, 29 S. W. Rep., 48.

*D. G. Hill* and *J. M. Wagstaff,* for appellee.—W. B. Guitar having general authority in and about the mill, and not being in the same grade of employment as appellee, he was not a fellow servant with appellee. Waxahachie Cotton Oil Company v. McLain, 66 S. W. Rep., 227.

The new corporation would take the assets of the old corporation charged with a lien for the payment of the debts of the old corporation. Clark and Marshall on Corporations, vol. 2, p. 995, sec. 342 i; Cook on Corporations, vol. 2, p. 1581, sec. 673.

SPEER, ASSOCIATE JUSTICE.—C. Anderson, an employe of the Abilene Cotton Oil Company, sued that company and the Continental Oil & Cotton Company to recover damages for personal injuries sustained through the negligence of W. B. Guitar, assistant general manager of the Abilene Cotton Oil Company. The two companies pleaded the general denial, assumption of the risk, that W. B. Guitar, through whose negligence plaintiff was injured, was a fellow servant with him, and contributory negligence. There was a verdict and judgment in plaintiff's favor against both companies, and in favor of the Continental Oil & Cotton Company over against the Abilene Cotton Oil Company. Both defendants have appealed, and ask for revision of errors committed by the trial court.

The following charge, which is attacked by appellants, indicates the most important question of law presented for determination: "If you believe from the evidence that W. B. Guitar was assistant general manager of the Abilene Cotton Oil Company at the time the plaintiff was injured, if he was injured, and that as such assistant general manager the said W. B. Guitar had general authority in and about the Abilene Cotton Oil Company's mill, and was authorized to direct how the work should be done about the said mill, and that said W. B. Guitar, while acting as the assistant general manager of said company, opened the feeding appliances of the cake mill and increased the feed of said mill, and that, by reason of said opening of said feeding appliance and increasing the feed of the cake mill, the machinery of said mill was overloaded; and if you further believe that the acts of said W. B. Guitar, if any, in opening the feed appliances of the cake mill, if he did, and increasing the feed of said mill, if he did, under the circumstances of the case were acts of negligence on the part of said W. B. Guitar, and that by reason of the same the said machinery was overloaded, and the cross-head of the engine propelling said machinery was broken, causing the said engine to be wrecked and the steam to escape, whereby the plaintiff was knocked down, burned and scalded on various parts of his body, as alleged in his pleading in this case; and if you further find that the action of the said W. B. Guitar, in opening and increasing the feed of said cake mill, if he did do it, was at the time unknown to the plaintiff, and was the proximate cause of the plaintiff's injuries, if any, you will find for the plaintiff, and assess his damages as hereinafter directed." Upon this assignment is predicated the proposition that the fact that one servant is superior in grade to another does not render the common master responsible for the negligence of the superior servant, unless the latter has been entrusted with the power to employ and discharge such inferior servant. But we can not assent that this proposition is of general application. In support of a reversal upon this point we are cited to the cases of Young v. Hahn (96 Texas, 99), Campbell, Receiver, v. Cook (86 Texas, 630), Dallas v. Gulf, C. & S. F. Ry. Co. (61 Texas, 196). But, while these cases, and a great many others in this State, as to that, do hold that mere difference in the grade of employment, or the fact that one servant is the foreman or boss of another, does not take them out of the general rule of the common law upon the subject, unless such foreman or boss has been entrusted with the power to employ and discharge, none of them is authority for the

proposition that a general manager of a corporation is not its vice-principal, whether he actually exercises the power to employ and discharge or not. The rule that a master is not liable to his servant for injuries inflicted upon him by the negligence of a fellow servant is based upon the conception that the servant, in entering the service of the master, takes upon himself the risk of injuries thus received through the negligence of his colaborers. But if the person at default, or through whose negligence an injury is received, be the master himself, or his agent or representative, then the rule has no application, and liability attaches. The real query in such a case is, whether or not the offending party at the time represents the master, and in determining this question as between inferior servants, it has often been made to depend upon whether or not he has the power to employ and discharge the injured servant, the presence of such power being conclusive that such person is the vice-principal or the *alter ego* of the master. Such are the cases above referred to, but it by no means follows from this that there can be no vice-principal without the exercise of such power to employ and discharge. It can not be denied that if the master himself were guilty of negligence resulting in injury to an employe, such servant ought to recover, and where the master abdicates the control of his business in favor of a general manager, whose similar act of negligence results in a like injury, a recovery ought also to be allowed upon the most obvious principles. A corporation, such as appellants, can only act through agents, and where its business is under the complete control of a general manager, and by his negligence an injury results to an employe, the doctrine of fellow servants is foreign to the case. The general manager, to whom is entrusted the complete control of a business, is necessarily the representative of the master, and in no sense a colaborer or fellow servant with the employes engaged in the actual operation of its business. Such seems to be the holding of the English courts and of the courts of this country generally. (See 2 Labatt's Master and Servant, paragraphs 526-531.)

Whatever errors may have been committed by the trial court in defining the character of risks assumed by appellee in entering the service of appellant Abilene Cotton Oil Company, the same are harmless under the facts of this case, for obviously he did not assume the risk of being injured through the negligence of his employer's manager. We will not pause to consider whether the charge is abstractly correct or not. We think the evidence is sufficient to show that W. B. Guitar was the assistant general manager of appellant Abilene Cotton Oil Company, having authority and control over its business, including the power to direct and control appellee, and that his negligence proximately caused appellee to sustain the injuries described in his petition. As to the appellant Abilene Cotton Oil Company the judgment is therefore affirmed.

The following agreed facts and testimony indicate the connection of the Continental Oil & Cotton Company with this case: "It is hereby agreed between the plaintiff and defendants in this suit that in March, 1904, the Continental Oil & Cotton Company acquired the entire plant of the Abilene Cotton Oil Company, and practically all of its assets, and that the Abilene Cotton Oil Company has assets of only small value,

and that the stockholders of the Abilene Cotton Oil Company were paid for the plant one-half in stock and one-half in bonds of the Continental Oil & Cotton Company, and the majority in number and amount of stockholders in the Continental Oil & Cotton Company were the majority in number and amount in Abilene Cotton Oil Company; the amount of property acquired by the transfer to Continental Oil & Cotton Company exceeded $50,000. That the capital stock of the Abilene Cotton Oil Company was $40,000, and that the capital stock of the Continental Oil & Cotton Company is $100,000, all subscribed and paid in.

"John Guitar testified: 'The Continental Oil & Cotton Company acquired the plant and other property referred to in the agreement heretofore set out by purchase from Abilene Cotton Oil Company. Continental Oil & Cotton Company did not assume the debts or obligations or liabilities of Abilene Cotton Oil Company. It now owns the plant, and much other property, under purchase from Abilene Cotton Oil Company. It also owns much property not acquired from Abilene Cotton Oil Company. There are stockholders in Continental Company that were not stockholders in Abilene Cotton Oil Company, nor are all the stockholders in Abilene Cotton Oil Company stockholders in Continental Company.'" Upon this testimony appellant, the Continental Oil & Cotton Company, was entitled to an instruction in its favor. Appellee declared that the two corporations "are one and the same," but otherwise pleaded the facts as contained in the above agreement. The agreement, however, does not support the allegation of identity of the two companies. If it did, the judgment against the Continental Oil & Cotton Company would, of course, be authorized, but, since the evidence makes a case merely of the Abilene Cotton Oil Company's selling out to the Continental Oil & Cotton Company, and in which the latter company in no way assumed the debts of the former, we know of no principle that would authorize the judgment entered in this case. Whatever may be the remedies of a creditor of the selling out company under such circumstances, clearly a personal judgment against the purchasing company is not one of them. (Island City Sav. Bank v. Sachtleben, 67 Texas, 420; Eddy, Receiver, v. Hinnant, 82 Texas, 354; Dallas C. T. Ry. Co. v. Maddox, 31 S. W. Rep., 702; Williams v. Texas Mid. R. R. Co., 55 S. W. Rep., 130; 1 Thompson on Corporations, sec. 263; 2 Cook on Stock and Stockholders, sec. 669; 2 Morawetz on Private Corporations, sec. 811. As to the appellant Continental Oil & Cotton Company, the judgment is therefore reversed and here rendered in its favor.

*Affirmed in part, and reversed and rendered in part.*

Writ of error refused.