**SOUTHWESTERN GAS, LIGHT & POWER CO. v. JAY et al.   (No. 1723.)**

(Court of Civil Appeals of Texas.   El Paso. June 11, 1925.   Rehearing Denied Oct. 5, 1925.)

**1. Gas ⊂⊃20(2)—Evidence held to sustain finding of negligence causing death.**

Evidence *held* sufficient to sustain finding that codefendant gas company negligently permitted gas to escape from its main, and that such gas emerged from the earth and passed into deceased's room, and that such negligence was the proximate cause of his death arising from injuries received in an explosion when he struck a match to light a gas stove in his room.

**2. Corporations ⊂⊃590(4)—Provision in gas franchise assigned held not to render assignee liable for tort claim against assignor.**

Provision in gas franchise, conferring right of assignment on condition that assignee assume all burdens created by franchise ordinance or by law, *held* not to render assignee liable for plaintiff's tort claim against assignor arising before the assignment.

**3. Corporations ⊂⊃590(4)—Codefendant gas company, purchasing assets of defendant gas company, held not liable for tort claim against defendant arising before sale.**

Codefendant gas company, purchasing assets of defendant gas company in a transaction, the bona fides of which was not impeached, *held* not liable for tort claim against defendant selling company arising before sale, in absence of a showing of an express assumption by codefendant of such liability.

Appeal from District Court, Eastland County;   Geo. L. Davenport, Judge.

Suit by Dora Jay, for herself and as next friend of certain minor children, against the Sammies Oil Corporation of Texas and the Southwestern Gas, Light & Power Company. Judgment for plaintiff against both defendants, and second named defendant appeals. Judgment as to appealing defendant reversed and rendered, and as to other defendant undisturbed.

Lipscomb & Seideman, of Fort Worth, Fred S. Dudley, of Dallas, and L. H. Flewellen, of Ranger, for appellant.

J. R. Stubblefield and Chas. C. Robey, both of Eastland, for appellees.

HIGGINS, J.   This suit was instituted by Dora Jay, the surviving wife of Geo. K. Jay, deceased, for herself and as next friend of the minor children of herself and the deceased, against the Sammies Oil Corporation of Texas and the Southwestern Gas, Light & Power Company, to recover damages sustained on account of the death of Geo. K. Jay alleged to have been caused by the negligence of the first-named defendant.   For convenience the defendants will be hereafter referred to as the Sammies Company, and the Southwestern Company, respectively.   Judgment for $10,175 was rendered against the defendants jointly.   The Southwestern Company alone appeals.

The deceased and another man were occupying a small three-room house in Ranger, Tex.   On the morning of January 13, 1920, between 6 and 7 o'clock, he arose from bed and undertook to light a gas stove in the room.   For this purpose he struck a match, when a gas explosion immediately occurred, severely burning himself and companion, in consequence of which he died a few days later.

It was the theory of the plaintiff that gas escaped from a gas main owned by the Sammies Company 2 or 3 feet distant from the house occupied by the deceased, which escaping gas, following the line of least resistance, emerged from the ground under the house, and thence, through crevices in the floor, passed into and accumulated in the room where the deceased slept, and ignited in the manner indicated.

Subsequent to the date mentioned the Ranger Gas Company acquired the franchise and properties of the Sammies Oil Company.   By an amendment to its charter the Ranger Gas Company changed its corporate name to the Southwestern Gas, Light & Power Company.

The negligence alleged was that the defendants "placed a defective joint of pipe in the gas main, and a pipe which was old, worn, and full of holes; and negligently and carelessly installed in their gas main a pipe which was defective, and a pipe which was old, worn and perforated; and negligently and carelessly failed to properly close the joints in said main gas line, and carelessly left the joints open in such a manner as to allow the escaping of gas through the joints in such pipe main, and thereby negligently and carelessly permitted the escaping of gas into and near the residence occupied by the said George K. Jay, and thereby caused his residence to be filled with gas."

The case was submitted upon special issues, all of which were answered in favor of plaintiff.   There are but two questions presented, both of which assert the insufficiency of the evidence to support the verdict and judgment.

It is first insisted the evidence does not support the findings upon the issues of negligence submitted or that such negligence was the proximate cause of Geo. K. Jay's death.

[1] We are of opinion that the evidence supports the plaintiff's theory of the manner in which the injury occurred, and supports the findings made upon all the issues of negligence submitted, and that such negligence was the proximate cause of Jay's death. This phase of the case is purely one of fact, and there is no occasion to discuss the evi-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence, which, in our opinion, supports the findings.

[2] The next question relates to the sufficiency of the evidence to support the personal judgment rendered against the Southwestern Company. The franchise under which the Sammies Company operated in Ranger contains this provision:

"Sec. 16. That the Sammies Oil Corporation of Texas shall have the right, privilege, and power to assign and convey all rights, privileges, franchises, grants, and benefits accruing or arising from,' under or by virtue of this ordinance to any other solvent person, firm, association or corporation at any time, and such assignment or conveyance shall entitle the assignees to full enjoyment thereof; provided, however, that such assignee shall by memorandum or agreement in writing given the city, assume all the duties, responsibilities, obligations and burdens herein and hereby created or by law or by ordinance charged thereon."

Appellee first relies upon this provision as imposing upon appellant liability for the payment of the debt established, hereby against the Sammies Company. This is untenable. It is not shown that any such memorandum or agreement in writing was given the city of Ranger after appellant acquired the properties of the Sammies Company, but this is unimportant.

The franchise granted the Sammies Company imposed upon it various duties, responsibilities, and obligations to the city of Ranger, and reserved certain rights to the city. It was evidently the responsibilities and obligations which the Sammies Company owed the city and its inhabitants to which the proviso refers. It has no reference to a claim which is entirely foreign to any right or interest which it was the duty of the city to protect and safeguard.

[3] Nor can personal liability upon appellant's part be predicated upon any other theory of the evidence. The meaning of some of the jury's findings upon this phase of the case is obscure. But there is no conflict in the evidence. There is a complete failure to show an express assumption by appellant of any liability for the damages herein sued for.

The various authorities cited by appellee, wherein a purchaser of all the assets of a corporation has been held personally liable for the debts of the seller without an express assumption, have no application to the facts presented by this record.

Some of the allegations made by appellee as to the basis of appellant's liability are wholly unsupported by the evidence. There is nothing to show that the appellant is a mere continuation of the Sammies Company under the guise of a different name and charter. The evidence simply shows a sale by the Sammies Company of all its assets to appellant for a cash consideration of $5,000 the assumption of certain notes and accounts due to supply houses and banks, meter deposits of customers, and the execution of notes aggregating about $196,000. There is nothing to impeach the bona fides of the transaction. As was said in Abilene Cotton Oil Co. v. Anderson, 41 Tex. Civ. App. 342, 91 S. W. 607:

"Whatever may be the remedies of a creditor of the selling out company under such circumstances, clearly a personal judgment against the purchasing company is not one of them. Savings Bank v. Sachtleben, 67 Tex. 420, 3 S. W. 733; Eddy, Receiver, v. Hinnant, 82 Tex. 354, 18 S. W. 562; Dallas C. T. Ry. Co. v. Maddox (Tex. Civ. App.) 31 S. W. 702; Williams v. Tex. Midland R. R. Co. [20 Tex. Civ. App. 278], 55 S. W. 130; 1 Thompson on Corporations, § 263; 2 Cook on Stock and Stockholders, § 669; 2 Morawetz on Private Corporations, § 811."

In that case a writ of error was refused. See, also, Houston, etc., v. Nicolini (Tex. Civ. App.) 96 S. W. 84; Miller Bros. v. Mummert (Tex. Civ. App.) 196 S. W. 270; Cattlemen's Trust Co. v. Beck (Tex. Civ. App.) 167 S. W. 753; 2 Fletcher on Corporations, § 1205; 7 R. C. L. 573, 574.

The judgment against the Southwestern Gas, Light & Power Company is reversed and rendered in its favor; the judgment against its codefendant is not disturbed.

Reversed and rendered.