J. A. COATES & SONS (LIMITED), Appellant, vs. BUCK, Respondent.

*March 31 — April 14, 1896.*

*Sale of chattels: Mistake in order: Reformation.*

The fact that through some error or misconception on the part of the vendee his written order was for a larger quantity of goods than he wished, will not, in the absence of fraud, justify a reformation of the order or constitute a defense in an action for the purchase price.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The plaintiff was a corporation under the laws of New York, doing a manufacturing and wholesale business in New York, and the defendant was a retail dealer in goods and merchandise in this state. A short time prior to December 20, 1893, the defendant received from the plaintiff a sample card, containing a patch of large needles and a paper of hand sewing needles, and a circular letter describing the goods and the manner of putting them up, stating the price to be three cents per card, and a blank order for the defendant to fill in and send to the plaintiff if he desired to order goods of it. On December 20, 1893, the defendant sent to the plaintiff his advertising or letter head, whereby he ordered the plaintiff to put up for him, and ship by the cheapest way, "2½ M. Owl brand needle cards," with his "advertisement printed in space below the goods for that purpose, on each card," in the sizes therein mentioned. The plaintiff received such order December 22, 1893, and at once sent forward to the defendant a statement, of which the following is a copy, to wit:

"New York, Dec. 22, 1893.

"*Charles F. Buck, Hortonville, Wis.*— Dear Sir: We have received your order for 2½ M. Owl Brand needle cards, one

half M. each 6, 7, 4–8, 3–9, 5–10, sharps, to be put up as soon as we can prepare the goods, *with your name and special advertising matter printed on them.* We read your advertisement as follows:

CHARLES F. BUCK,

Dealer in Dry Goods, Clothing, Boots & Shoes, Hardware, etc. Also dealer in Country Produce, Hortonville, Wis.

" Please check this all over carefully, making any changes or corrections you desire, and if O. K. sign and return to us in the inclosed stamped envelope, and we will proceed with your order. Thanking you for the favor, we are

"Yours resp'y,

" J. A. Coates & Sons, Ltd."

At the foot of that statement was the following, signed by the defendant, under date of December 26, 1893: "I have checked this all over carefully, and find it to be correct in every particular."

The goods so ordered were put up by the plaintiff as ordered, with the defendant's advertisement printed thereon as so ordered, and were shipped to the defendant by the Merchants' Dispatch Transportation Company, February 2, 1894; and the bill for the same was sent forward to the defendant at the same time, for " 2,500 Owl brand needle cards, @ .03, $75," payable in thirty days. The defendant received the needles so shipped February 7, 1894, and thereupon notified the plaintiff to the effect that he had taken out 500 papers of needles, which would be all he needed, and asked the plaintiff to take back the balance. The plaintiff refused to take back the needles, and the defendant refused to pay for any of the needles.

On May 2, 1894, the plaintiff commenced this action in justice's court, to recover the amount of the bill, as for goods sold and delivered to the defendant at his request. The defendant answered, and in effect admitted the facts stated, but alleged, in effect, that by some mistake he had

ordered more needles than he wanted, and supposed the plaintiff would rectify the same; but that after offering to keep 500 papers, and selling several papers, he discovered the needles were worthless and not merchantable.

The plaintiff recovered judgment in the justice's court for the amount of its bill and costs, and the defendant appealed to the circuit court. At the close of the trial in that court the jury, by the direction of the court, returned a verdict in favor of the defendant; and from the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Gerrit T. Thorn,* attorney, and *W. W. Gilman,* of counsel, and oral argument by *Mr. Gilman.*

*F. C. Weed,* for the respondent.

CASSODAY, C. J. It is difficult to perceive upon what theory the verdict was directed in favor of the defendant. The defendant admits that he made the order December 20, 1893, after he had inspected samples of the plaintiff's needles. The evidence on the part of the plaintiff tended to prove that the needles shipped to the defendant by the plaintiff were the same as to quality, kind, and description as the sample card sent him before the goods were ordered, and that the needles were all in good order and condition when so shipped. The defendant had been buying and selling needles for twenty-three years. There is no evidence that the needles shipped to the defendant did not correspond with the samples. The next day after he received the needles he wrote the plaintiff to the effect that he had opened the package and taken out 500 papers, which he would retain, but did not want the balance. In that letter he finds no fault with the quality, but only with the quantity. The same is true of his letter written six days afterwards, and in which he, among other things, in effect said that he did not dispute but what the goods were shipped as stated in the plaintiff's letter of two

days before; that he had acknowledged in his letter to the plaintiff that the error was made by himself, unintentionally; that his error consisted in ordering $2\frac{1}{2}$ thousand papers of needles, instead of $2\frac{1}{2}$ thousand needles; that he saw the mistake after he saw the bill of needles; that he would pay for the 500 papers, and the freight both ways on the balance, if the plaintiff would take them back. Twenty days after the defendant had received the needles, he wrote the plaintiff to the effect that he had told its representative that the goods were worthless, and he presumed he had so reported to the plaintiff. True, there is evidence, given under objection, tending to prove that many of the needles so received by the defendant were poor and worthless; but no breach of warranty was pleaded, and, even if there had been, the case could not have been properly taken from the jury on the score of quality.

As indicated, the quantity shipped was ordered by the defendant in writing, December 20, 1893, and was again carefully checked all over by the defendant, and by him stated to be correct in every particular, December 26, 1893. The order, being in writing, is, in the absence of fraud or mistake, conclusive upon the defendant as well as the plaintiff as to the quantity ordered. *Herbst v. Lowe,* 65 Wis. 320; *Ball v. McGeoch,* 81 Wis. 171; *Custeau v. St. Louis L. Imp. Co.* 88 Wis. 315. No fraud is alleged in the answer; and there is no pretense that any fraud was practiced upon the defendant. The only claim or pretense is that the defendant, by some mistake not explained nor accounted for, ordered a good many more needles than he really wanted, and directed them to be put up in papers with his card or advertisement upon them. But the answer entirely fails to state, and the evidence fails to prove, facts which would authorize a reformation of the written order. It is confessed that there was no mutual mistake, but at most some error or misconception on the part of the defendant making the order. That is in-

sufficient to justify a reformation. *De Voin v. De Voin*, 76 Wis. 66; *Clark v. Fairchild*, 22 Wend. 576; *Miles v. Stevens*, 3 Pa. St. 21, 45 Am. Dec. 621; *Belt v. Mehen*, 2 Cal. 159, 56 Am. Dec. 329; *Paget v. Marshall*, 28 Ch. Div. 255; *Baltzer v. R. & A. R. Co.* 115 U. S. 634.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.