GEORGE S. DANIELL *vs.* GARDINER H. SHAW.

Suffolk.   January 3, 1896. — October 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Specific Performance — Restriction imposed upon Land by Board of Survey of Boston — Constitutional Law.*

A restriction imposed upon land by the board of survey of the city of Boston, conformably to St. 1891, c. 323, as amended by St. 1892, c. 418, is an encumbrance within the meaning of a written agreement by which A. agrees to purchase the land of B., and B. agrees to give him a good and clear title thereto free from all encumbrances.

BILL IN EQUITY, to compel the defendant to accept a deed of land, and otherwise perform the covenants of a written agreement.

The bill alleged that the plaintiff, who was the owner in fee
of a lot of land in Boston, on the southeast corner of Beacon and
Aberdeen Streets, by an agreement dated September 27, 1895,
agreed to sell the lot, and the defendant agreed to purchase the
same, which was "to be conveyed on or before October 3, 1895,
by a good and sufficient warranty deed" of the plaintiff, "con-
veying a good and clear title to the same, free from all encum-
brances and liens"; that on October 3, 1895, within the time
specified by the agreement, the plaintiff tendered to the defend-
ant a warranty deed of the lot in the required form, and with
proper covenants; and that the defendant refused to accept the
same.    The answer alleged that the board of survey of the city
of Boston, acting under the powers conferred upon it by St.
1891, c. 323, as amended by St. 1892, c. 418,* had placed an
encumbrance or restriction on the lot, so that the plaintiff was
unable to perform his agreement to convey said premises "free
from all encumbrances and liens," in that the board had filed
in the office of the city surveyor a plan showing the location
of Aberdeen Street as fifty feet wide, being an addition to the
present width of said street of five feet on each side of the street,
the present width of Aberdeen Street being only forty feet; that,
in order to widen Aberdeen Street in accordance with the plan,
a strip of land five feet wide would be taken from the westerly
side of the complainant's land; and that the street had not been
widened, and no proceedings had been begun to acquire title to
this five-foot strip, or to widen the street.

---

* Section 9 of St. 1891, c. 323, as amended by § 4 of St. 1892, c. 418, is
as follows: "If any building shall hereafter be placed or erected in said city
at a grade other than the grade therefor recorded in the office of the city
surveyor, and which the city surveyor shall furnish on the request of the
owner of the land on which the building is to be placed, or if any building
shall be placed or erected within the boundaries of any way shown on any
of the plans hereinbefore provided for after the filing of the plan as afore-
said, and not removed at the expense of the owner when required by said
board of street commissioners, no damage occasioned to the estate of which
the land on which the building was so placed formed a part at the date of
the first advertisement of the first notice given by said board relating to the
plan on which any part of said estate is shown, or to any part of said
estate, by any subsequent establishment of any grade of any highway, or by
any subsequent change of any grade of any highway, shall be recovered by,
or be paid to, the owner of the whole or of any part of such estate."

The plaintiff filed a special replication, admitting all the facts as alleged in the respondent's answer, and alleging that § 4 of St. 1892, c. 418, and also that portion of § 7 of St. 1891, c. 323, which provides that "the preceding sections shall not be construed . . . to render said city liable for damages of any kind, except for making entries upon land and for placing and maintaining monuments and marks as provided in section six," are unconstitutional, for the reason that, inasmuch as the owner is virtually deprived of the right to build upon his lot, and the money value of the lot is thereby greatly lessened, the statute thereby provides for the taking of private property for public use without compensation and without the owner's consent, in contravention of the Constitution of Massachusetts, Declaration of Rights, Art. 10, and also deprives the owner of his property in contravention of Art. 12, and without due process of law, in contravention of the Fourteenth Amendment of the Constitution of the United States, and that therefore the statute is to that extent void, and creates no encumbrance of the land agreed to be conveyed.

Hearing before *Holmes*, J., who reserved the case on the pleadings for the consideration of the full court.

The city of Boston, although not a party to the record, was allowed to file a brief.

*A. Hemenway & W. A. Hayes*, (*H. M. Williams* with them,) for the plaintiff, admitted that, if the statutes were constitutional, there was an encumbrance on the premises which would disable the plaintiff from performing his agreement, but contended that the statutes were unconstitutional and void.

*W. M. McInnes*, for the defendant.

*A. J. Bailey & T. M. Babson*, for the city of Boston.

ALLEN, J.   The defendant contends that the plaintiff is not able to offer him a good title, by reason of the provisions of St. 1891, c. 323, as amended by St. 1892, c. 418, and the acts of the board of survey of the city of Boston thereunder.   The plaintiff concedes that his title is not good if the statute is constitutional.   The parties also differ in their construction of the statute.   The city of Boston is interested in both of these questions.   It has been allowed to file a brief, but it is not a party to the record, and would not be precluded from litigating the

same questions anew if our decision in the present case were for the plaintiff. The defendant would be exposed to the chance of such litigation if compelled to accept the title now offered. By the concession of the plaintiff, the statute, if constitutional, creates an encumbrance on his title. The plaintiff asks us to declare his title good, by declaring the statute unconstitutional. The defendant ought not to be compelled to accept such a title. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Chesman* v. *Cummings*, 142 Mass. 65. *Hunting* v. *Damon*, 160 Mass. 441. *Abbott* v. *James*, 111 N. Y. 673. *Fleming* v. *Burnham*, 100 N. Y. 1, 9.                                        *Bill dismissed.*