STACK, Appellant, vs. HICKEY and others, Respondents.

*November 20—December 10, 1912.*

*Vendor and purchaser of land: Marketable title: Cloud upon title: Deed on foreclosure of second mortgage: Specific performance: Tender: Sufficiency: Tender at trial: Accounting: Discretion.*

1. An apparent cloud upon the title to land, requiring a resort to evidence *aliunde* the record in order to show its invalidity, is sufficient to render the title unmarketable.
2. A title which is open to judicial doubt is not marketable.
3. A duly recorded sheriff's deed upon the foreclosure of a second mortgage is a cloud upon the title previously acquired under a foreclosure of the first mortgage, although the second mortgagee was a party to the earlier action; and one who had contracted to convey the land free and clear from incumbrances was not entitled to specific performance upon tendering merely the title acquired under such first foreclosure.
4. The decreeing of specific performance rests largely in the discretion of the court; and where a good title was not tendered by plaintiff until upon the trial of the action it was not an abuse of discretion to award specific performance only upon payment to defendants of the amount properly chargeable to plaintiff upon an accounting as to interest, taxes, rents, etc.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an appeal from part of a judgment in an action for specific performance of a land contract. Judgment was entered for the appellant for specific performance, but imposed upon him certain terms and conditions named in the findings and judgment. By the terms of the contract the respondents were to convey certain lands to the appellant, in consideration of which the appellant agreed to pay respondents $11,500 and transfer to them free and clear from incumbrances, except the right to dig and maintain a tunnel under the surface of a part of the grounds, a good title by warranty deed and furnish abstract of title to certain lands in the city of Milwaukee, which included lots 8 and 9 in block 1 in Carl Buschardt's subdivision, being a subdivision of lot No. 3.

The controversy in the case arises out of whether or not a good title to these lots was tendered before the commencement of this action, and if not, whether the accounting was correct. The lots in question were incumbered with two mortgages, the first known as the Walz mortgage, and the other or second mortgage known as the Draves mortgage. The question of whether the title was a good title within the meaning of the contract results from the foreclosure of these mortgages.

One Sivyer held a sheriff's deed upon the foreclosure of the second mortgage, which was recorded and showed title in him to said lots 8 and 9 when this action was commenced. Upon production on the trial of a deed from Sivyer to respondents specific performance was adjudged on the terms set forth in the findings. The court below held the Sivyer deed a cloud upon the title and that respondents were entitled to interest on the $11,500, and on accounting the court concluded:

" . . . That the defendant is entitled to receive from said plaintiff said item of interest, namely $766.66, said item of rent received by said plaintiff, namely $712, said item of taxes paid by the defendants on said farm property, namely the sum of $118.90, said item of insurance paid by said defendants, namely the sum of $6.16, said item of repairs by said defendants, namely the sum of $8.07, or a total of $1,611.79, together with the costs and disbursements of this action, and an abstract of plaintiff's property brought down to date, free of expense to said defendants.

"That the plaintiff is entitled to an offset against the said sum of $1,611.79 and the costs and disbursements of this action, for said item of taxes paid by the plaintiff, namely the sum of $128.80, the said item of rent received by the defendants for said farm property, namely the sum of $275, the said item of insurance paid by the plaintiff, namely the sum of $17.42, the said item of repairs paid by the plaintiff, namely the sum of $83.45, or a total of $504.67, together with the sum of $125 damages, as found in the fifteenth finding of fact, or a total of $629.67; that said plaintiff is also entitled to receive from said defendants an abstract of said farm property brought down to date, free of expense. . . ."

For the appellant there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *J. L. O'Connor.* They contended, *inter alia,* that the sheriff's deed to Sivyer did not constitute an incumbrance or render appellant's title defective or unmarketable. *Lewis v. C. & N. W. R. Co.* 97 Wis. 368, 72 N. W. 976; *McLean v. Hoehle,* 98 Wis. 359, 363, 74 N. W. 120; sec. 3169, Stats. (1898); *Ames v. Storer,* 98 Wis. 372, 379, 74 N. W. 101; *Pixley v. Huggins,* 15 Cal. 127, 133; 6 Pom. Eq. Jur. (3d ed.) p. 1238, n. 33; *Gilman v. Van Brunt,* 29 Minn. 271, 13 N. W. 125; *Lick v. Ray,* 43 Cal. 83, 88; *Sanxay v. Hunger,* 42 Ind. 44, 49; *Ward v. Dewey,* 16 N. Y. 519; 4 Pom. Eq. Jur. (3d ed.) § 1399, p. 2755; *Moore v. Cord,* 14 Wis. 213; *Meloy v. Dougherty,* 16 Wis. 269; *Robertson v. Kinkhead,* 26 Wis. 560; *Shepardson v. Milwaukee Co.* 28 Wis. 593; *Brown v. Cohn,* 88 Wis. 627, 636, 60 N. W. 826; *Cornish v. Frees,* 74 Wis. 490, 43 N. W. 507; *Smith v. Zimmerman,* 85 Wis. 542, 55 N. W. 956; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661; *Suring v. Rollman,* 145 Wis. 490, 497, 130 N. W. 485.

*William E. Burke,* for the respondents, cited, among other cases, *Mississippi River L. Co. v. Blue Grass L. Co.* 131 Wis. 10, 110 N. W. 796; 36 Cyc. 633, 634, and cases; *Gates v. Parmly,* 93 Wis. 294, 313, 66 N. W. 253, 67 N. W. 739; *Pyrke v. Waddingham,* 10 Hare, 1; *Mullings v. Trinder,* L. R. 10 Eq. 448; *Sturtevant v. Jaques,* 14 Allen, 523; *Swayne v. Lyon,* 76 Pa. St. 436; *Speakman v. Forepaugh,* 44 Pa. St. 363; *Street v. French,* 117 Ill. 342, 35 N. E. 814; *Fleming v. Burnham,* 100 N. Y. 1, 2 N. E. 905, 909; *Zane v. Weintz,* 65 N. J. Eq. 214, 55 Atl. 641, 644; *Daniel v. Shaw,* 166 Mass. 582, 44 N. E. 991; *Herman v. Somers,* 158 Pa. St. 424, 27 Atl. 1050, 38 Am. St. Rep. 853; *Dobbs v. Norcross,* 24 N. J. Eq. 327; *Nicol v. Carr,* 35 Pa. St. 381; *Rosier v. Graham,* 146 Mo. 352, 48 S. W. 470.

KERWIN, J. But two questions are involved upon this appeal: (1) Whether there was a cloud upon the title to

lots 8 and 9 in question, such as to render it unmarketable under the agreement to convey a good title; and (2) Whether the accounting was proper.

1. The contention of the appellant is that the foreclosure of the Walz, or first, mortgage cuts off all rights of the mortgagee, Draves, in the lots under the second mortgage, and that, the title acquired under the first foreclosure having passed to the appellant before this action was brought, appellant had and tendered a good title, therefore was entitled to specific performance at the time of such tender. On foreclosure of the second mortgage the sale was confirmed by the court and the property bid in by Frederick Sivyer, administrator *de bonis non* of the estate of Draves, and a sheriff's deed executed to him, which was duly recorded.

We are furnished by counsel on both sides with very able and exhaustive briefs as to what constitutes marketable title and cloud upon title to real estate. On the part of appellant many authorities are cited to the point that the foreclosure of a prior mortgage, when a second mortgagee is a party, cuts off such second mortgagee, and also that a deed from a stranger to the title does not create a cloud, nor a deed void upon its face. Also that a mortgage by one having no title or foreclosure thereof is not a cloud upon title, or, if the invalidity of that which is alleged to be a cloud appear on the face of the record by which it is shown to exist, it may be no cloud so as to render the title unmarketable. In determining what is a cloud it is sufficient, however, that the defect in title be at least an apparent cloud, rendering resort to evidence *aliunde* the record necessary in order to show its invalidity. *Pier v. Fond du Lac,* 38 Wis. 470; *Suring v. Rollman,* 145 Wis. 490, 130 N. W. 485.

The claim of title under the Sivyer deed was a claim under a judicial sale and cannot be said to show its invalidity upon its face nor in connection with the first foreclosure. Many facts *aliunde* the record may have existed and entered into

the adjudication upon the second or Draves foreclosure sale which gave Sivyer title or interest in the property notwithstanding the first foreclosure. The mere fact that Sivyer held under a sheriff's deed upon a judicial sale fair upon its face rendered the title to the lots unmarketable.

The respondents under the agreement were entitled to a good title, one that they could hold in peace and not be obliged to litigate to determine whether the deed to Sivyer on judicial sale conveyed any interest or not. *Dobbs v. Norcross,* 24 N. J. Eq. 327; *Zane v. Weintz,* 65 N. J. Eq. 214, 55 Atl. 641; *Fleming v. Burnham,* 100 N. Y. 1, 2 N. E. 905. A title which is open to judicial doubt is not marketable. *Gates v. Parmly,* 93 Wis. 294, 66 N. W. 253, 67 N. W. 739; 36 Cyc. 634; *Speakman v. Forepaugh,* 44 Pa. St. 363; *Swain v. Fidelity Ins., T. & S. D. Co.* 54 Pa. St. 455; *Street v. French,* 147 Ill. 342, 35 N. E. 814; *Moore v. Williams,* 115 N. Y. 586, 22 N. E. 233; *Daniell v. Shaw,* 166 Mass. 582, 44 N. E. 991.

There can be no doubt upon the record before us that the deed to Sivyer constituted a cloud and rendered the title unmarketable within the meaning of the agreement, therefore respondents were not obliged to accept it.

2. After action was commenced and upon the trial appellant tendered a quitclaim deed from Sivyer to respondents of lots 8 and 9 and thereupon the court below awarded specific performance, but charged the appellant with the sums heretofore set out in the statement of facts as properly chargeable against him, on the ground that he was not entitled to specific performance until he tendered the deed. We think the court below was clearly right in holding that the sheriff's deed to Sivyer, upon foreclosure of the second mortgage, was a cloud upon the title to said lots 8 and 9, hence that the title offered by appellant before action brought was not a good title within the meaning of the contract. This being so, we cannot say that the court below abused its discretion in stating the ac-

count between the parties as appears from the statement of the case herein.    The right to specific performance rests largely in the discretion of the court, and will not be decreed when for any reason it would be inequitable.    *Northwestern Nat. Bank v. Superior,* 103 Wis. 43, 79 N. W. 54; *Hunholz v. Helz,* 141 Wis. 222, 124 N. W. 257; *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 89 N. W. 532; *Menasha v. Wis. Cent. R. Co.* 65 Wis. 502, 27 N. W. 169; *Williams v. Williams,* 50 Wis. 311, 6 N. W. 814.    We find no ground for disturbing the judgment.

*By the Court.*—The judgment is affirmed.