WOLDENBERG, Respondent, vs. RIPHAN, Appellant.

*December 4, 1917—January 5, 1918.*

*Vendor and purchaser of land: Specific performance of contract: Can-
cellation: Discretion: Mistake: Negligence.*

1. An application to a court of equity for specific performance of a
   contract is not based upon an absolute right, but rests in the
   sound discretion of the court in view of all the circumstances, to
   be exercised in accordance with the established principles of
   equity.
2. So, also, an application for the rescission or cancellation of a con-
   tract is addressed to the sound discretion of the court, to be
   exercised within established equitable principles, and in grant-
   ing or refusing it the court acts upon its own notion of what is
   reasonable and just under all the circumstances.
3. In an action for specific performance or for cancellation of a
   contract, negligence of the party seeking to be relieved from the
   contract may be one reason for denying that relief to him, but
   it is not a bar to such relief.
4. On Wednesday, while defendant was at work, one D., whom he
   had employed to sell or exchange his flat building, brought to
   him for signature a paper (prepared by another person) which
   stated that he offered to exchange the building for plaintiff's
   farm on specified terms and gave plaintiff five days in which to
   accept or reject the offer. Defendant objected to signing on the
   ground that he could not read the paper, not having his glasses
   with him, but after D. had read it to him he signed in the belief,
   which was shared by D., that he (the defendant) was to have
   the five days in which to accept or reject the trade. On Satur-
   day night he discovered the true meaning of the paper and on
   Monday (the fifth day) notified plaintiff that he would not make
   the trade; but plaintiff had in the meantime accepted the offer.
   Upon evidence showing these facts, among others, it is *held* that
   defendant was not as a matter of law so inexcusably negligent
   that specific performance of the contract should be granted to
   plaintiff as a matter of right, but that, on the ground of de-
   fendant's mistake, specific performance should be denied and
   the contract canceled.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

VOL. 166—28

Action for specific performance of a contract for the exchange of land. There was a counterclaim asking that the alleged contract be canceled. Plaintiff engaged one C. N. Robbins to, sell or exchange his farm. Defendant employed one Delaney to sell or exchange his flat building. Defendant viewed the farm with Robbins and afterwards signed the following contract brought him by Delaney and accepted by plaintiff within five days after defendant signed it:

"*To C. N. Robbins, Madison, Wis.*

"Sir: I hereby make you the following proposition: I will trade my flat building [describing it], subject to mortgage of three thousand dollars, for the *Woldenberg* farm of one hundred and ninety acres [describing it], subject to mortgage of five thousand five hundred dollars, you to pay me one thousand dollars difference in cash. You are to have five days in which to accept or reject this proposition."

The defense was that defendant understood that the contract provided that he and not plaintiff was to have five days in which to make up his mind whether or not he wanted to close the deal. The circuit court found that the defendant signed the proposal under the mistaken belief that it gave him five days in which to determine whether he would exchange properties on the terms stated therein, but that in so doing he failed to exercise ordinary care, and denied cancellation and awarded judgment for specific performance, from which judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *Hill & Spohn* of Madison, and for the respondent on that of *Rufus B. Smith* of Madison.

ROSENBERRY, J. In overruling the demurrer to the counterclaim the trial court said:

"The cases cited by the defendant establish the rule that rescission may be had in the case of a unilateral mistake only in the event that the mistake did not result from the want of that degree of care and diligence which would be

exercised by persons of reasonable prudence when acting under the same or similar circumstances. . . . This is a question so largely a matter of fact in each case that the court ought not to decide it on pleadings alone, except in those cases where the pleadings lead to but one conclusion when construed most liberally in favor of the pleader."

The cases referred to are apparently those cited here by the defendant: *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 325, 14 N. W. 452; *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Sheanon v. Pac. Mut. L. Ins. Co.* 83 Wis. 507, 53 N. W. 878; and *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246. Upon the trial of the case the court found, as stated, that the defendant signed the proposition in question in the mistaken belief that he had five days thereafter in which to accept or reject the proposed trade, and that in so signing the proposition he failed to exercise such a degree of care and diligence to ascertain the meaning of the writing as is ordinarily exercised by persons of ordinary care and reasonable prudence when acting under the same or similar circumstances. Thereupon the trial court denied defendant relief under his counterclaim and ordered judgment directing that defendant specifically perform the contract.

Apparently the cases cited below were not called to the attention of the court, and the well established principle that an application to a court of equity for specific performance of a contract is not based upon an absolute right, but rests in the sound discretion of the court in view of all the circumstances, seems to have been overlooked. *Menasha v. Wis. Cent. R. Co.* 65 Wis. 502, 27 N. W. 169; *Stack v. Hickey,* 151 Wis. 347, 138 N. W. 1011. The discretion of courts is not an arbitrary or capricious one, but one exercised in accordance with the established principles of equity. *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 353, 89 N. W. 532. It has been held that although a defendant may not be entitled to a cancellation or rescission of a contract,

yet specific performance thereof may be denied. 36 Cyc.
549 and cases cited.   In this state an application to a court
of equity for the rescission or cancellation of a contract is
one likewise addressed to the sound discretion of the court,
and in granting or refusing it the court acts upon its own
notion of what is reasonable and just under all the surround-
ing circumstances, the discretion being, of course, a sound
one, and it must be exercised within established equitable
principles.   *Douglas Co. v. Walbridge,* 38 Wis. 179, 191.
In an action for specific performance or for cancellation of
a contract, negligence of the party seeking to be relieved of
the contract does not prevent relief; it presents a reason
why, in the exercise of a sound discretion under all the facts
and circumstances, the court may not grant relief; it may
be one reason for denying relief, it is not a bar to relief.

The plaintiff cited and relied upon the following cases:
*Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538,
92 N. W. 246; *Jackowski v. Ill. S. Co.* 103 Wis. 448, 79
N. W. 757; *Wilcox v. Continental Ins. Co.* 85 Wis. 193, 55
N. W. 188; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98
N. W. 923; *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W.
932; *Mamlock v. Fairbanks,* 46 Wis. 415, 1 N. W. 167;
*Farr v. Peterson,* 91 Wis. 182, 64 N. W. 863; *Van Beck v.
Milbrath,* 118 Wis. 42, 94 N. W. 657; *Grant M. Co. v. Ab-
bot,* 142 Wis. 279, 124 N. W. 264; *J. A. Coates & Sons v.
Buck,* 93 Wis. 128, 67 N. W. 23; *Herbst v. Lowe,* 65 Wis.
316, 26 N. W. 751; *Deering v. Hoeft,* 111 Wis. 339, 87
N. W. 298; *Straker v. Phenix Ins. Co.* 101 Wis. 413, 77
N. W. 752; *McGowan v. Supreme Court I. O. F.* 107 Wis.
462, 83 N. W. 775; *Albrecht v. M. & S. R. Co.* 87 Wis. 105,
58 N. W. 72; *Sanger v. Dun,* 47 Wis. 615, 3 N. W. 388.
We are of the opinion, however, that there is nothing in these
cases, when read in connection with the facts, that is incon-
sistent with the principles heretofore stated.   Many of them
deal with questions of fraud and are not applicable here, no
fraud being alleged and none proven.   It appears from the

undisputed testimony in this case that the proposition in question was signed on Wednesday, April 26, 1916; that on that day Delaney, defendant's agent, came to him with the paper, found the defendant at work about one mile from his home; that defendant objected to signing the paper for the reason that he was not able to read it, not having his glasses with him; that after some solicitation on the part of the agent to sign the paper, defendant requested Delaney to read it to him. · Defendant testified that Delaney read it so that it meant that defendant was to have five days in which to accept or reject the trade. Delaney testified that he read the paper as written, but that he too understood it to mean that defendant had five days in which to decide finally whether he would make the trade or not. Defendant then signed the paper. Defendant apparently kept a copy of the proposition in his pocket, and on a re-examination thereof on Saturday night discovered its true meaning, not having looked at the paper in the meantime. The offer was accepted on Saturday, April 29th, but of this the defendant denies he had any notice on that day, and on Monday morning, the fifth day, the plaintiff or his agent was notified by the defendant that defendant would not make the trade.

Under these facts and circumstances we think it incorrect to say as a matter of law that the defendant was so inexcusably negligent that specific performance of the contract should be granted as a matter of right. The trial court has found that the proposition was signed under a mistake of fact and that defendant acted within the time in which he supposed he was to act. The rights of third parties not having intervened, we are of the opinion that within established principles specific performance of the contract in question should be denied and the purported agreement canceled.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.